UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                 CASE NO.  3:24-cr-54-MCR

PAUL J. FREEMAN,

    Defendant.
_____/

## ORDER SETTING JURY TRIAL
## AND OTHER PRE-TRIAL MATTERS

**A.**    **TRIAL AND VOIR DIRE PROCEDURE:**

1.    This case will be tried during the trial period commencing **Monday, August 5, 2024**, at **Pensacola, Florida**, with an attorney conference scheduled for **8:00 a.m.** and jury selection to commence **immediately thereafter** on this date.

2.    Voir Dire examinations of jurors will be conducted by the Court.  If a party wishes to submit voir dire questions for the Court's consideration, the same must be in writing and filed with the Clerk of the Court at least **three (3) business days prior to trial**, with a copy to opposing counsel.  At the conclusion of the Court's voir dire examination, reasonable opportunity may be given for counsel to ask follow-up questions he/she believes should properly be asked because of answers given or other matters occurring during voir dire, not satisfactorily explained by the Court's inquiry.

Page 2 of 7

    3.     Jury selection will be accomplished in the following manner:

         a.     The entire panel will be examined after which the attorneys will be given the opportunity to exercise their challenges, both for cause and peremptory;

         b.     No back striking will be permitted.

    4.     Prior to jury selection, all parties are requested to determine whether they would be willing to stipulate to completing the trial with less than twelve (12) jurors, in the event jurors, after being sworn, become disabled or are otherwise excused by the Court.

    5.     The actual selection process, including counsels' exercise of challenges, will be conducted outside of the presence of the panel members, who will be excused from the courtroom during this time. Any objections to this procedure must be made to the Court at the time of the 8:00 a.m. attorney conference.

    6.     **Counsel for each party must file, at least three (3) business days prior to trial or as the Court may otherwise direct, proposed jury instructions, together with a proposed verdict form.** For good cause shown, supplemental requests for instructions may be submitted at any time prior to the Court's instructions to the jury. Counsel must list by number each Basic, Special and Offense Instruction proposed. Requests for instructions taken verbatim from the Pattern Jury Instructions - Criminal Cases issued by the U.S. Eleventh Circuit District Judges Association or from the Florida Standard Jury Instructions in Criminal Cases may be made by reference; the requested instructions need not be set forth in full. If any modifications to a pattern instruction are proposed, however, the instruction must be set forth in full. If it is anticipated that forfeiture instructions will be needed, proposed forfeiture instructions should also be

submitted.  The proposed instructions and verdict forms should be filed with the Clerk of the Court, with an *editable copy* (in word processing format only, not .pdf) delivered by e-mail to chambers at flnd_rodgers@flnd.uscourts.gov.

**B.** **TRIAL PROCEDURE:**

  1. A witness list and a numbered exhibit list containing a brief description of each numbered item must be submitted by each party one (1) day prior to the start of trial, or as otherwise directed in a separate pretrial order.

  2. Every exhibit must be pre-numbered serially, such as P-1, P-2, D-1, D-2, and the numbers must correspond with the exhibit list.  Each exhibit not pre-marked and listed may be excluded by the Court.

  3. Re-cross examination will not be permitted unless a clear showing is made that manifest injustice would otherwise occur.

  4. Redirect and rebuttal are not to be a repetition of direct or the case in chief.  In short, redirect and rebuttal cannot be a "rehash."

  5. Counsel must use the lectern as much as practicable to ensure that the jury and the judge hear all of the questions asked.

  6. Objections to questions shall succinctly state the basis for the objection, e.g. leading, repetitive, ambiguous, etc.  No explanations of objections or other "speeches" in front of the jury will be tolerated.  If further explanation is necessary, counsel should request a sidebar conference.

  7. Sidebar conferences are held at the discretion of the Court; counsel are reminded that requests for them are not automatically granted.

**C.** **COURTROOM ETIQUETTE:**

  1. Because the passing of exhibits down the rows in the jury box delays the trial unnecessarily while the lawyer waits for the exhibit to be seen by each juror at the jurors' seats, counsel should publish an exhibit by displaying the

exhibit while walking in front of the jury box, carrying the exhibit, with permission of the Court.

  2. Counsel should stand when addressing the Court unless excused by the Court. Counsel should seek the Court's permission before approaching the bench or the witness stand. Counsel do not need to stand merely to indicate "no objection" to the introduction of an exhibit by the adverse party.

  3. Counsel, parties, and spectators must stand respectfully for the jury when it enters or leaves the jury box and courtroom. Conferences between counsel or with litigants, paralegals, investigators, or spectators, or shuffling of papers as the jury or judge enters or leaves the courtroom are not appropriate.

  4. Counsel should remain at the lectern for opening statements and closing arguments. Under no circumstances are counsel to place exhibits on the jury box rail or approach closer than three feet to the jury box rail during opening statement or closing argument.

**D. DISCOVERY AND INSPECTION:**

  1. Any request for disclosure of evidence, information or discovery under Rule 16, Federal Rules of Criminal Procedure, by the defendant must be made no later than five (5) business days following the date of this Order. In the event such request is made, the information, evidence or discovery so requested must be provided to the defendant within five (5) business days following the government's receipt of the defendant's request. If the defendant requests disclosure under Rule 16(a)(1)(C) or (D), Federal Rules of Criminal Procedure, the government must make any request of the defendant under Rules 16(b)(1)(A) and (B), Federal Rules of Criminal Procedure, within two (2) business days following receipt of defendant's request. In the event such request is made, the information,

evidence or discovery so requested shall be provided to the government within five (5) business days following defendant's receipt of the government's request.

2. Counsel for the parties, or the defendant if not represented by counsel, and counsel for the government should agree on the time, place and manner of the disclosure of such evidence, information or discovery and of any inspection, copying or photographing required. The parties' attention is directed to Rules 16(c), (d) and (e), Federal Rules of Criminal Procedure.

3. As used in this Order, business days include all days except Saturdays, Sundays and recognized Federal holidays.

E. **BRADY MATTERS:**

Pursuant to Rule 5(f)(1) of the Federal Rules of Criminal Procedure, and consistent with *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, the government must produce to defendant or his or her counsel information that is material and exculpatory and which is known to the prosecutors or to those working on the government's behalf in this case. The Government must produce such information such that the defendant or his or her counsel might effectively use such information at trial or sentencing. The government must provide the information within seven (7) days of arraignment, or promptly after acquiring knowledge of it. Failure to timely produce this information may result in exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or other sanctions.

F. **NOTICE OF ALIBI AND OF DEFENSE BASED UPON MENTAL CONDITION:**

The parties' attention is directed to Rules 12.1 and 12.2, Federal Rules of Criminal Procedure.

**G.   MOTION BEFORE TRIAL:**

All pretrial motions permitted or required under the Federal Rules of Criminal Procedure **must be filed no later than fourteen (14) days after the date of this Order**, unless a different time is prescribed by the Federal Rules of Criminal Procedure, an Act of Congress, the Local Rules of this Court, or by the Court at the time of arraignment.

**H.   MOTIONS IN GENERAL:**

The filing of motions and responses thereto is governed by Rule 7.1, Local Rules of this Court.

All motions must be accompanied by a written statement certifying that counsel for the moving party, or the moving party if not represented by counsel, has conferred with opposing counsel or party, as the case may be, in a good faith effort to resolve by agreement the subject matter of the motion, but has been unsuccessful.  The written statement should also specify the information that has been made available to opposing counsel or parties in lieu of filing the motion.

All motions which require evidentiary support must be accompanied by a signed statement of facts relied upon for the motion.

**Motions in limine regarding evidentiary matters known to counsel, must be filed at least fourteen (14) days prior to trial (or any pretrial conference yet scheduled), with responsive memoranda due within seven (7) days thereafter. Failure to timely file such motions will be grounds to deny the same.**  To the extent evidentiary matters requiring the Court's attention arise after that time, counsel should make every effort to notify the Court of the matter by fling the appropriate motion as soon as counsel is aware of the need for the motion.

Case No. 3:24-cr-54/MCR-1

**I.   PLEA BARGAINING:**

The parties must immediately advise the Court's judicial assistant <u>and</u> the courtroom deputy clerk of any plea bargain agreement and arrange for the rearraignment of the defendant in sufficient time prior to trial to permit witnesses and jurors to be excused and the Court's calendar to be revised should the negotiated plea be acceptable to the Court.  Such arrangement, unless the Court otherwise provides, should be accomplished no later than three (3) business days prior to the trial date set in this Order, although the Court recognizes that in some cases this may not be practical.

**J.   ATTIRE:**

Defendants, like all other parties, ordinarily should dress for court in suitable business attire.  Defendants who are in custody are responsible for making their own arrangements for clothing; neither the Court nor the Marshal's Service provides clothing for defendants to wear in court.  Defendants who fail to make advance arrangements for clothing will attend the trial in prison attire.  Trials will not be continued because of a defendant's failure to arrange for clothing.

**K.   CONTINUING NATURE OF THIS ORDER:**

This Order, to the extent that it applies to the matters referred to herein, is continuing in nature inclusive of trial.

**DONE and ORDERED** this 28th day of June 2024.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**